HERGET, Judge.
Sometime prior to November 25, 1952 Jewel D. Grantham, a member of the United States Air Force stationed at Larson Air Force Base in the State of Washington, made application to Omaha Woodmen Life Insurance Society for a 20-year pay life insurance policy in the sum of $5,000 in which he sought to name as beneficiaries Plaintiffs, Hattie T. Grantham and Ralph B. Grantham, his mother and father. In this application, undated, but admittedly received by Defendants on November 25, 1952, there is a provision that no liability shall extend on the part of the Society for the payment of benefits unless the applicant shall have made at least one monthly payment to the Society for the benefit applied for, and unless the application shall have been approved by the Medical Director of the Society. It was the intention of the applicant that payments for this policy be made by an allotment deducted from his military service pay and he executed and filed an amended application setting forth request had been made for monthly allotment payments to the Society for the premiums due on said policy and further recites therein:
“There shall be no liability on the part of the Society for the payment of any benefits until my application shall have been approved by the Medical Director of the Society and further until the first monthly allotment payment shall have been received at the Home Office of the Society, and then only in the event I am in good health at the time of receipt of said payment and have not been sick or injured since the date of my application.”
In the amended application the applicant stated the original application was dated “1 January, 1953” but, as evidenced by the application itself which is Exhibit “C” in the record, the original application was undated though both applications were received by the office of the defendant Omaha Woodmen Life Insurance Society on November 25, 1952. Because of this discrepancy in the applications Defendant sent to its field agent, Loyd W. Armstrong in Spokane, Washington a printed form la- *55 belled “Supplementary Statements” providing blank spaces for answers to questions thereon, which is Exhibit “E”, with only one typed in question to be answered by the applicant, reading: “On what date was your application signed?” and further giving typewritten instructions to its field agent to have the applicant only answer this question and sign his name in the proper place. (Paragraph VI. of a stipulation in the record provides: “The annexed letter from Omaha Woodmen Life Insurance Society to Loyd W. Armstrong, its field agent, dated December 16, 1952, and marked for identification Exhibit “E” is admitted in evidence.” As above stated, Exhibit “E” filed in the record is a printed form and bears the date 2-21-56 which is erroneous as the date stipulated was December 16, 1952.) This form was returned to the Society by the Agent of Defendant unexecuted by applicant along with the amended application of J. D. Grantham (Exhibit “D”) on which the notation was made: “Killed in Moses Lake Plane Crash Dec 20, 1952 LWA.”
In Plaintiffs’ petition it was alleged and Defendants in their answer admitted that Omaha Woodmen Life Insurance Society of Nebraska and the Woodmen of World Life Insurance Society of Nebraska are one and the same company. The case was tried in District Court on a Stipulation of Fact,. referred to supra, setting forth applicant met his death on December 20, 1952 while a member of the United States Air Force stationed at Larson Air Force Base, State of Washington; that applicant did authorize the United States Air Force to issue monthly allotments to the Society to pay the premiums on the policy to be issued and the Society received from the United States Air Force notice that the allotment had been authorized, indicating that the United States Air Force would make premium payments to the Society; that no physical examination was made on the person of J. D. Grantham; that no payment was ever received by Defendants on account of the benefit certificate applied for by J. D. Grantham and no policy of insurance was ever issued to the applicant or to anyone on his behalf by Defendants.
From the judgment in favor of Defendants, this appeal was taken by Plaintiffs.
Plaintiffs, on appeal, contend the United States Government was the agent of the Society and its acceptance of the allotment order and transmittal of its agreement to pay the premiums to the Society constituted payment. This contention is without merit inasmuch as there is nothing in the pleadings alleging any agency relationship between the United States Government and the Society, nor is there any stipulation of fact to support such contention. Furthermore, there is no merit to the plea of es-toppel based on the authorization by applicant to the United States Air Force to issue monthly allotments to the Society to pay the premium on the policy to be issued and the notice to the Society from the United States Air Force that the allotment had been authorized indicating the United States Air Force would make premium payments to the Society for, under the very plain provisions of the applications borne out by the documents themselves and the stipulation in the record, no liability was to be incurred by the Society for any benefits to applicant or anyone else under these applications unless and until the Society received the first monthly allotment payment of the premium and until the Society’s Medical Director had approved the application. Concededly, no payment was received by the Society from anyone on these applications and the Medical Director of the Society did not approve the applications. In such circumstances, though we sympathize with Plaintiffs, there is no basis whatever for making Defendants liable for their claim.
In the case of Neal v. Life Ins. Co. of. America, 57 So.2d 783, this Court — where a soldier on duty with the Army made application to the defendant for a life policy and had applied to the Army officials authorizing payroll deductions to take care *56 of the premiums but no payroll deduction was ever made by the Army though the defendant actually issued the policy and mailed same to the beneficiary- — -held that in view of the provision of the policy itself requiring the payment of the premium and no such premium ever having been paid the defendant the policy never came into existence and therefore denied plaintiffs claim.
Accordingly, for these reasons, the judgment of. the Trial Court is affirmed.
Judgment affirmed.
JONES, J., recused.